IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PINEDA IBARRA,<br><br>        Plaintiff,<br><br>    v.<br><br>MR. JOHN DOE (WALLACE),<br>CHIEF JOHN DOE INSURANCE INC.,<br><br>        Defendants.<br>_____/ | Case No. 1:07-cv-0145 OWW NEW (TAG)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM<br>(Doc. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY AS MOOT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br>(Doc. 8) |

      On January 26, 2007, Plaintiff Jorge Pineda Ibarra ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. (Doc. 2). On July 6, 2007, pursuant to Court order, Plaintiff filed a corrected motion to proceed in forma pauperis ("IFP"). (Docs. 3, 6, 7, 8). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302.

      Pursuant to 28 U.S.C. § 1915A(b), this Court must "screen" a prisoner's complaint to determine whether the case should be dismissed because, among other things, it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

      A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1228. The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in

good faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46 (1915); <u>see</u>, <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n.1 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, <u>id.</u>; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984).

Here, the gist of Plaintiff's complaint is that, in December 2003, he was a civilian and suffered a work-related injury, after which the defendants – his employer Wallace and Chief John Doe, the head of the State Compensation Insurance Fund – denied him permanent workers' compensation benefits and adequate medical treatment. (Doc. 1, pp. 1-7).  Plaintiff alleges that these actions deprived him of his constitutional rights to be free from cruel and unusual punishment and violated his rights to personal safety and health needs guaranteed secured to him under the Eighth Amendment. (<u>Id.</u> at 8).  Plaintiff seeks $200,000 from Wallace, $150,000 from Chief John Doe, injunctive relief, and compensatory and punitive damages. (<u>Id.</u> at 9).

The Civil Rights Act is codified at 42 U.S.C. § 1983.  It provides in part as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding to redress."

42 U.S.C. § 1983.

As an initial matter, Plaintiff has not set forth any facts indicating that his employer, Wallace, was acting under color of state law when he allegedly deprived Plaintiff of his constitutional rights, without which Plaintiff can not state a viable § 1983 claim against Wallace. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986); <u>Faulkner v. County of Kern</u>, No. 04-cv-05964, 2006 WL 1795107, *11 (E.D. Cal. June 28, 2006); 42 U.S.C. § 1983.

1      More importantly, Plaintiff, in alleging that the defendants violated his Eighth Amendment
2 rights, does not satisfy the requirement that he was deprived of rights secured to him by the
3 Constitution.  42 U.S.C. § 1983.  The Eighth Amendment proscribes, in part, the infliction of cruel
4 and unusual punishment.  U.S. CONST., amend. VIII, § 3.  Absent conviction of a crime, there is no
5 Eighth Amendment protection from cruel and unusual punishment, which has been defined as the
6 "deliberate indifference to serious medical needs of prisoners."  City of Revere v. Massachusetts
7 General Hosp., 463 U.S. 239, 243-44 (1983) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976));
8 Ingraham v. Wright, 430 U.S. 651, 671 n. 40 (1977).  Accordingly, because Plaintiff alleges that
9 civilians deprived him of his Eighth Amendment before he had been convicted of a crime and
10 become a prisoner, his attempt to state a claim alleging that he was subjected to cruel and unusual
11 punishment must fail.  Id.  Moreover, because the events upon which his complaint is based occurred
12 while he was a civilian, Plaintiff could not amend his complaint such that it would state a claim
13 based on the defendants' violation of his Eighth Amendment rights and it is, therefore, frivolous.
14 Id.; Neitzke v. Williams, 490 U.S. at 325; Franklin v. Murphy, 745 F.2d at 1227-28; 28 U.S.C.
15 1915A(b); 42 U.S.C. § 1983.

16                              CONCLUSION AND RECOMMENDATIONS

17      Because Plaintiff's § 1983 complaint fails to state a claim upon which relief may be granted,
18 and no amendment would enable Plaintiff to state a non-frivolous claim, this Court recommends
19 that:
20      1.    Plaintiff's Complaint (Doc. 1) be DISMISSED WITH PREJUDICE;
21      2.    Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 8) be DENIED as moot; and
22      3.    The Clerk of this Court be DIRECTED to close this case.
23      These Finding and Recommendations are submitted to the United States District Court Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
25 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
26 fifteen (15) days after being served with a copy, any party may file written objections with the court
27 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
28

Judge's Findings and Recommendations." Responses to the objections shall be served and filed within fifteen (15) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 3, 2007**                                        /s/ Theresa A. Goldner
                                                                         UNITED STATES MAGISTRATE JUDGE