# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PINEDA IBARRA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MR. JOHN DOE (WALLACE),<br>CHIEF JOHN DOE INSURANCE INC.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:07-cv-0145 OWW NEW (TAG)<br><br>ORDER DENYING MOTIONS<br>FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 12,13) |

　　　On January 26, 2007, Plaintiff Jorge Pineda Ibarra, a state prisoner proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. (Doc. 2). On September 10, 2007 and September 17, 2007, Petitioner filed motions for appointment of counsel. (Docs. 12, 13).

　　　Plaintiff contends that the appointment of counsel is necessary because he is illiterate and does not understand the law. (Docs. 12, 13). This is a civil case. There is no constitutional right to counsel in a civil case. Lassiter v. Department of Social Services, 452 U.S. 18, 25 (1981). When a person is proceeding in forma pauperis, the court lacks the authority to order an attorney to represent the person. Instead, the court may request that an attorney represent the person, but should do only in "exceptional circumstances." See Aldabe v. Adalbe, 616 F. 2d 1089, 1093 (9th Cir 1980); 28 U.S.C. § 1915(e)(1). The likelihood that a *pro se* litigant would be better served if he were represented by an attorney, does not necessarily mean that the issues in the case are complex, or that the appointment of counsel is warranted.

1  The Court has screened Plaintiff's complaint and considered Plaintiff's likelihood of success on the merits and his ability to articulate his claims pro se in light of the complexity of the issues involved. The Court concludes that Plaintiff has failed to allege that a person acting under color of law committed a violation of a right secured by the Constitution or laws of the United States, or that Plaintiff's employer, defendant Wallace, proximately caused the deprivation of any such right. On August 3, 2007, the Court determined that Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted, and recommended to the District Judge assigned to this case, that the complaint be dismissed. (Doc. 9). The Court concludes that no exceptional circumstances exist that justify the appointment of counsel in this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for appointment of counsel (Docs. 12,13) are DENIED.

IT IS SO ORDERED.

Dated:  **September 18, 2007**                    **/s/ Theresa A. Goldner**
                                                                  UNITED STATES MAGISTRATE JUDGE

2