IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PINEDA IBARRA, | Case No. 1:07-cv-0145 OWW NEW (TAG) |
| Plaintiff, | |
| | ORDER DENYING MOTION |
| v. | FOR APPOINTMENT OF COUNSEL |
| | (Doc. 16) |
| MR. JOHN DOE (WALLACE), | |
| CHIEF JOHN DOE INSURANCE INC., | |
| Defendants. | |
| _____/ | |

On January 26, 2007, Plaintiff Jorge Pineda Ibarra, a state prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983.  (Doc. 2).  On September 10, 2007 and September 17, 2007, Plaintiff filed motions for appointment of counsel, which were denied on September 18, 2007.  (Docs. 12, 13, 14).  On September 24, Plaintiff filed another motion for appointment of counsel.  (Doc. 16).

Plaintiff contends that the appointment of counsel is necessary because he cannot afford to hire an attorney to represent him and the issues in his civil action are complex, necessitating access to legal materials that he does not have in prison. (Doc. 16).  This is a civil case.  There is no constitutional right to counsel in a civil case. Lassiter v. Department of Social Services, 452 U.S. 18, 25 (1981). When a plaintiff is indigent, the court lacks the  authority to order an attorney to represent him.  Instead, the court may request that an attorney represent the person, but should do so only if there are "exceptional circumstances."  See Aldabe v. Adalbe, 616 F. 2d 1089, 1093 (9th Cir 1980);

1

28 U.S.C. § 1915(e)(1).  The likelihood that a pro se litigant would be better served if he were represented by an attorney, does not necessarily mean that the issues in the case are complex, or that the appointment of counsel is warranted.

The Court has screened Plaintiff's complaint and considered Plaintiff's likelihood of success on the merits and his ability to articulate his claims pro se in light of the complexity of the issues involved.  The Court concludes that Plaintiff has failed to allege that a person acting under color of law committed a violation of a right secured by the Constitution or laws of the United States, or that Plaintiff's employer, defendant Wallace, proximately caused the deprivation of any such right.  On August 3, 2007, the Court determined that Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted, and recommended to the District Judge assigned to this case, that the complaint be dismissed.  (Doc. 9).  The Court concludes that no exceptional circumstances exist that justify the appointment of counsel in this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel (Doc. 16) is DENIED.

IT IS SO ORDERED.

Dated:   **October 1, 2007**                              **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE

2