# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PINEDA IBARRA,<br><br>Plaintiff,<br><br>vs.<br><br>MR. JOHN DOE (WALLACE),<br>CHIEF JOHN DOES INSURANCE INC.,<br><br>Defendants.<br>_____ / | Case No. 1:07-cv-0145 OWW NEW (TAG)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM (Doc. 9)<br><br>ORDER ADOPTING FINDS AND RECOMMENDATIONS TO DENY AS MOOT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 9) |

Plaintiff Jorge Pineda Ibarra, a state prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging that he suffered a work-related injury while he was a civilian employed by the defendants. Ibarra further contended that the defendants denied him permanent workers' compensation benefits and adequate medical treatment, thereby depriving him of his rights under the Eighth Amendment to personal safety and health needs and to be free from cruel and unusual punishment. (Doc. 1). In addition, Ibarra, pursuant to court order, filed an amended motion to proceed in forma pauperis ("IFP"). (Doc. 8).

On August 3, 2007, the Magistrate Judge screened Ibarra's complaint, pursuant to 28 U.S.C. § 1915A, and issued findings and recommendations, recommending that this case be dismissed because a civilian cannot state a claim upon which relief can be granted based on an alleged Eighth Amendment violation, and Ibarra had not demonstrated that the defendants were acting under color of state law, which is a necessary component of a civil rights claim filed under 42 U.S.C. § 1983. (Doc. 9). Moreover, because no amendment to Ibarra's complaint could cure the deficiency related

to the alleged deprivation of Ibarra's Eight Amendment rights, the Magistrate Judge recommended that Ibarra's complaint be dismissed with prejudice. (Id.). In light of the recommendation that the action be dismissed with prejudice, the Magistrate Judge also recommended that Ibarra's motion, as amended, to proceed IFP be denied as moot. (Id.).

The findings and recommendations were served on Ibarra, with notice that he had 15 to file objections. (Id.; docket entry dated August 3, 2007). On August 23, 2007, the Magistrate Judge granted Ibarra's motion for an extension of time to object to the findings and recommends to and including September 26, 2007. (Docs. 10, 11). On September 24, 2007, Ibarra timely filed objections to the Findings and Recommendations. (Doc. 15). Ibarra contended that he should be granted leave to amend his complaint, explaining that the Eighth Amendment violation was the result of the defendants' refusal to pay for private medical care after he was imprisoned. (Id.). Ibarra said nothing about the recommendation that his motion to proceed IFP be denied. (Id.).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), Federal Rule of Civil Procedure 72(b), and Local Rule 72-304, this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations filed on August 8, 2007 are supported by the record and by the Magistrate Judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (Doc. 9), filed August 8, 2007, are ADOPTED IN FULL;
2. Plaintiff's civil rights complaint (Doc. 1) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief could be granted;
3. Plaintiff's amended motion to proceed in forma pauperis (Doc. 8) is DENIED AS MOOT; and
4. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   October 2, 2007**                             **/s/ Oliver W. Wanger**

UNITED STATES DISTRICT JUDGE