IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PINEDA IBARRA,<br><br>        Plaintiff,<br><br>    vs.<br><br>MR. JOHN DOE (WALLACE), et al.,<br><br>        Defendant. | No. CV-F-07-145 OWW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION TO FILE AMENDED COMPLAINT (Doc. 20) |

On January 26, 2007, Plaintiff, a state prisoner proceeding *in pro per*, filed a Complaint pursuant to 42 U.S.C. § 1983. Defendants were "Mr. John Doe (Wallace)" and "John Doe" sued as "Chief [sic] of State Insurance". John Doe (Wallace) was alleged to have acted under color of state law "[f]or wrongful Judgment and Denying me my Medical Care and Full Treatment, Etc. and Paid." John Doe, Chief of State Insurance was alleged to have acted under color of state law "under Temporary disability Checks without Maintaining a Profession Position Treatment." The

1

Complaint alleged that Plaintiff was employed as a general laborer on September 19, 2003 at 3202 Denver Avenue, Merced, California, alleged to be "THE WALLACE INC APARTMENTS", that Plaintiff injured his finger while installing carpet, that Mr. Wallace was negligent in employing Plaintiff to install the carpet instead of hiring a carpet installation company, that Plaintiff cannot use his "main fingers" anymore, and that "Mr. Wallace wanted to temporary benefits me and my well-beingi [sic] of my future Jobs, and resume."  The Complaint alleged a violation of Plaintiff's "eighth amendment Right To be have Personal Safety."  With regard to the Chief of State Insurance, the Complaint alleged that "the Insurance company fund INC. Is responsible for my future emotional health injury and medical technician and receive Treatments", and that the Chief of State Insurance violated Plaintiff's rights under the Eighth Amendment "for not maintaining all of my medical needs' On/Or after the fact and denying me a no limit benefits and more Disability Check."

The Magistrate Judge recommended that the Complaint be dismissed with prejudice pursuant to the screening required by 28 U.S.C. § 1915A(b) because no state action by Defendant Wallace was alleged and because Plaintiff could not state a claim for relief under the Eighth Amendment.

Plaintiff timely filed objections to the recommendation.  In his objections, Plaintiff requested leave to file an Amended Complaint, contending, *inter alia*, that the Chief of State

Insurance "fail to maintaining all my medical need after my incarceration."  Plaintiff contended:

> On December 02, 2004 the Defendant INSURANCE INC. informe that the temporary disability checks will be supended, including, they block my benefits, the right to have adequate medical attention from a Private Doctor paid by them and Some Others Workers Comp. Benefits described in the 'Pamphlet,' after my incarceration the Defendant refuse to provide me with appropriate medical health care from a private doctor, not one from CDC, the CDC does not have suvuaocal attention lake the treatment for my hand I like Stellate Ganglion block or any other.
>
> CDC CCR 15 Say that if any one that have insurance or resource, than he can have.
>
> It is why I believe that the Defendant violated my rights when I was request to Them but the refuse to answer.  I have the rights to adequate medical sugical Hospital, and other remedial treatment as is requisite to cure and relieve from the effects of such injury. [SIC]

By Order filed on October 2, 2007, the Findings and Recommendation were adopted and Plaintiff's action dismissed with prejudice.

On October 10, 2007, Plaintiff filed a motion for reconsideration to file an amended complaint.  Plaintiff again requests leave to file an amended complaint and requests "permission to change some paragraph of Original Complaint."

Plaintiff cannot state a claim under 42 U.S.C. § 1983 against his employer for damages resulting from his work-related injury in 2003.  Plaintiff cannot allege facts that his employer was acting under color of state law when Plaintiff sustained his

injury.  With regard to the proposed allegations that the Chief of the State Insurance Fund refused to provide Plaintiff with appropriate care from a private physician after his incarceration, Plaintiff has no right to such care.  Although 15 CCR §§ 1206 and 3354 allow a request to the prison authorities for consultation with private physicians, there is nothing in the regulations entitling Plaintiff to such care.  *See also McCracken v. Jones*, 562 F.2d 22 (10th Cir.1977), *cert. denied*, 435 U.S. 509 (1978)(refusal of prison warden to allow prisoner to visit his own physician was within warden's discretion where two prison doctors had examined the inmate and found no need for surgery). Consequently, further amendment of the Complaint will be futile and leave to amend is appropriately denied on that ground.

 For the reasons stated above, Plaintiff's motion for reconsideration to file an amended complaint is DENIED.

 IT IS SO ORDERED.

**Dated:   December 17, 2007**         /s/ Oliver W. Wanger
                UNITED STATES DISTRICT JUDGE

4